McFarland, J.,
delivered the opinion of the court..
This is an attachment bill, predicated upon demands against Jas. R. Stayton & Co. and the A. &- C. R. R. Co. Jas. R. Stayton & Co., by plea in. *727 abatement, put in issue the ground alleged for an attachment against them — that is, that they had or were about to fraudulently dispose of their property, or that they were about to remove the same from the State. Upon argument, the Chancellor held the plea sufficient in law, and upon issue being taken and proof heard, was of opinion that the plea was true in fact, and thereupon dismissed the bill as to the defendants J. E. Stayton & Co., and from this decree the complainant has appealed.
We are of opinion that the plea is good in form and substance under our practice, and we are further of opinion that the Chancellor decided correctly upon the effect of the proof, and that the plea is true in fact.
The question is, was the Chancellor correct in holding that the result of this plea was to dismiss the bill as to Stayton & Co. ?
Where the attachment is used for the purpose of bringing the party into court, as well as to hold the property, there can be no doubt that if the attachment is abated it abates the entire cause. See Klepper v. Powell, (manuscript) and other authorities. But where the attachment is merely ancillary to the suit, and used only for the purpose of holding the property in the custody of the court for the satisfaction of the plaintiff’s demand, in such case the attachment may be abated, leaving the plaintiff to prosecute his suit as if it had been in the first instance a suit by summons without attachment. An ordinary action at law commenced by summons, with an ancillary attach *728 ment, is an instance of this character. In such case the ancillary attachment may be abated, leaving the cause still to be prosecuted, as other causes, without attachment.
In this cause the defendants, Stayton & Co., were residents of Hamilton county, and a summons to answer was prayed for, issued and regularly served upon them, and they were regularly in court. The attachment was not used for this purpose; and it is clear that if this were a case of original equity jurisdiction, independent of the attachment, that the cause might be prosecuted as other causes in equity, after the abatement of the attachment. It may be that in this cause the subject matter is of purely legal cognizance, and that the attachment is the only ground alleged, which, under the statute, gives the court of chancery jurisdiction; yet it is also true, that, under our statute, the court of chancery will take jurisdiction of demands purely legal, unless objection to the jurisdiction be taken by demurrer. And if no objection to the jurisdiction was taken by demurrer, the court in this cause might have rendered a decree for any debt established by the complainant, as in an .action at law. See on this subject sec. 4292, which, however, does clearly refer to a case of this character.
The attachment out of the way, the bill stood as if filed for a decree or judgment upon the demands set up. No demurrer, answer or plea was filed to the merits of the cause, and no judgment pro confesso rendered or other action taken by the Chancellor. *729 We can therefore take none, except to reverse that part of the Chancellor’s decree dismissing the bill, and rema;id the canse to be proceeded with, the attachment being disposed of and out of the way.
The costs of this court will be paid by the defendants.